**Judy A. THIEL, Plaintiff–Appellant,**

v.

**David A. BECKER, et al., Defendants–Appellees.**

**No. 01–1554.**

United States Court of Appeals, Seventh Circuit.

Argued March 5, 2002.

Decided March 8, 2002.

Before Hon. COFFEY, Hon. EASTERBROOK, and Hon. MANION, Circuit Judges.

Order

Judy Thiel and her lawyer, David M. Bagdade, failed to appear at five consecutive status conferences in Thiel's suit under 42 U.S.C. § 1983 alleging wrongful arrest. The district court dismissed the suit for want of prosecution. Three months later, Thiel filed a motion under Fed.R.Civ.P. 60(b) asking the judge to reinstate the suit. After ascertaining that Bagdade lacked a good reason for failure to appear–he blamed all problems on his law firm's receptionist and conceded that he failed to check the district court's docket even though Thiel had implored him to do so–the district court denied the motion. Bagdade stated that the three-month delay in seeking to reinstate the case occurred because he initially thought that he could simply file a new suit. That was a feeble excuse indeed; the new suit (No. 00 C 6988) was dismissed on the ground of claim preclusion (res judicata), because a dismissal for failure to prosecute "operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b). Bagdade tried again with a motion under Rule 59(e), and the judge held another hearing. This time the judge learned that Bagdade had done absolutely nothing to prosecute the suit–had not, for example, served the defendants with summons and a copy of the complaint during the seven months that the case had been pending, despite the 120–day limit in Fed.R.Civ.P. 4(m)–and again denied the motion.

These facts show that Thiel has the makings of a malpractice action against

Bagdade, who failed to prosecute her suit in a minimally competent manner. A lawyer must arrange for the receipt of and action on notices from the court and may not palm off failings on his receptionist, see *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 398, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); too, the receptionist could not have been responsible for Bagdade's failure to check the district court's docket, his failure to effect service, or his absurd belief that a dismissal for failure to prosecute could be ignored and a new case commenced. See *Robb v. Norfolk & Western Ry.*, 122 F.3d 354, 360 (7th Cir.1997); *Schlessinger v. Salimes*, 100 F.3d 519, 522 (7th Cir.1996). No court need tolerate failure to appear at five consecutive status conferences; nor is it appropriate to transfer to defendants the costs of continual appearances made pointless by their adversary's absence. It would have been within the district court's discretion to reinstate the suit if Bagdade had volunteered to reimburse the defendants for the costs (including legal fees) incurred to date, but no such offer was made. The district judge did not abuse his discretion by declining to reinstate this suit.

AFFIRMED